HAILEY *v.* McMULLAN; *et vice versa.*

HILL, J. 1. The charge complained of in the twelfth ground of the motion for new trial, when considered in connection with the defendant's plea and his own testimony, does not afford him cause for reversal of the judgment refusing a new trial.

2. The other grounds of the motion for new trial, complaining of the admission of evidence, and of excerpts from the charge, are without merit.

3. The verdict was supported by the evidence, and the court did not err in refusing to grant a new trial.

4. The judgment on the main bill of exceptions being *affirmed*, the cross-bill is *dismissed.*

*All the Justices concur, except Beck, P. J., dissenting from the ruling in
the first headnote.*

Nos. 1964, 1965.  February 17, 1921.

Complaint for land.  Before Judge Humphries.  Hart superior
court.  January 30, 1920.

The action was for recovery of 24.5 acres of land, later so
amended as to be for 20.5 acres.  The defenses were, in brief:
(1) prescriptive title by adverse possession for twenty years;
(2) prescriptive title by adverse possession under written evi-
dence of title for over seven years; (3) estoppel of the plaintiff by
acquiescence in the boundary line contended for by the defendant,
and by having pointed out this line as the true dividing line be-
tween her land and that of the defendant's predecessor in title.
After verdict for the plaintiff a motion for new trial was over-
ruled, and the defendant excepted (this being the second appear-
ance on writ of error: see 144 *Ga.* 147).  The grounds of the
motion, with the detailed contentions in connection therewith, can
be fully understood only by examination of the voluminous rec-
ord of pleadings and conflicting evidence; and it would not be
beneficial to state them at length in this report.  The twelfth
ground, referred to in the first headnote, is that the court erred
in charging the jury as follows: " There is another prescription
claim in this case; and that is, it is claimed by the defendant
that the line in question, the one claimed by him to be the true
dividing line and that of the plaintiff has been acquiesced in as the
true dividing line between the defendant and the plaintiff for
more than seven years prior to the date of the filing of this suit.
If you believe that Dr. Hailey [defendant] was in possession of
the property claimed in this case, under a claim of right and in
good faith, and that his possession extended up to the line claim-
ed by him to be the dividing line between the parties, that is, to
that point that would include the property sued for in this case,
and if you believe that that line was acquiesced in by the defend-
ant and the plaintiff for a period of seven years prior to the date of
the filing of this suit in the clerk's office by the plaintiff, then
and in that event he would be entitled to recover on that ground,
to maintain successfully his defense; the law being, acquiescence
for seven years by acts or declarations of the adjoining land-
owners shall establish a dividing line.  Of course on this propo-
sition it is for you to determine as a matter of fact whether or not

there has been a line acquiesced in by the parties for seven years prior to the filing of this suit; if so, the defendant can successfully defend on that ground; if not, he could not so defend." The movant insists that this charge placed on him the burden of proving that he was in possession of the land sued for under a claim of right and in good faith, and that his possession extended up to the line claimed by him to be the dividing line between the parties, and that the line was acquiesced in by them for a period of seven years before the filing of the suit; and of showing also that the parties acquiesced in the line for seven years by acts and declarations, before the dividing line would be established. This charge placed on movant a greater burden than the law required him to carry in order to sustain his plea of acquiescence in the dividing line. It was error to charge that this plea of acquiescence was another prescriptive claim; this plea involved the question of boundary, not of title.

*Skelton & Matheson, Grogan & Payne,* and *J. H. & Emmett Skelton,* for plaintiff in error in main bill of exceptions.

*J. N. Worley, Tutt & Brown,* and *A. S. Richardson,* contra.